IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HOWARD, | ) | Case No. 5:22-cv-829 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | **ORDER AND** |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |

Plaintiff, Jonathan Howard, is a recipient of federal disability insurance benefits and supplemental security income.  He sued the Social Security Administration ("SSA") in Akron Municipal Court to recover $6,000 in disability benefits he contends was garnished pursuant to an unlawful child support order from Alabama.  After removing the case to the district court, the SSA moves (ECF Doc. 3) to have Howard's complaint dismissed for lack of jurisdiction and failure to state a claim upon which relief can be granted.  Howard, for his part, moves: (i) for the court to appoint him an attorney (ECF Doc. 5); (ii) order an immediate award of withheld disability benefits (ECF Doc. 8); (iii) confirmation that the SSA has been notified of his motion requesting an immediate award of benefits (ECF Doc. 12); (iv) for a change of venue (ECF Doc. 13); and (v) leave to file an amended complaint (ECF Doc. 15).

As will be explained below, the Akron Municipal Court lacked subject matter jurisdiction over Howard's complaint.  Because the Akron Municipal Court had no power to hear Howard's complaint, neither do we.  Thus, I recommend that the SSA's motion to dismiss (ECF Doc. 3) be

GRANTED and that Howard's complaint be DISMISSED.  In light of that recommendation, I recommend that Howard's motions for an immediate award of benefits (ECF Doc. 8) and leave to amend (ECF Doc. 15) be DENIED.

Howard's motion for appointment of counsel (ECF Doc. 5) is DENIED WITHOUT PREJUDICE because he has not applied for leave to proceed as a pauper in this matter.  And because the SSA filed a response to Howard's motion for an immediate award of benefits, Howard's motion for confirmation that the SSA has received notice of the motion (ECF Doc. 12) is DENIED AS MOOT.

## I.    Relevant Procedural History

On April 19, 2022, Howard filed in Akron Municipal Court a small claims complaint against the SSA.  ECF Doc. 1-1 at 3.  Howard alleged that the SSA illegally withheld $6,000 from his supplemental security income at the request of Child Protective Services in Montgomery, Alabama.  ECF Doc. 1-1 at 3, 7–8, 12.

On May 19, 2022, the SSA removed Howard's case to the district court pursuant to 28 U.S.C. § 1442(a).  ECF Doc. 1.  On May 23, 2022, the SSA file a motion to dismiss Howard's complaint, generally arguing that: (i) the court lacked subject matter jurisdiction over Howard's case; and (ii) Howard's complaint failed to state a claim upon which relief can be granted.  *See* ECF Doc. 3; ECF Doc. 3-1.

On June 2, 2022, the case was referred to the undersigned by an automatic order of reference pursuant to Local Rule 72.2.  Docket Entry dated 6/02/2022.  On June 17, 2022, the court attempted to hold a telephone status conference, at which Howard failed to appear.  Docket Entry dated 6/17/2022.  Howard later informed the court that he had been unaware of the conference due to issues with his mail, updated his mailing address, and moved for appointed

counsel.  Docket Entry dated 7/06/2022; ECF Doc. 4; ECF Doc. 5.  On July 15, 2022, the SSA filed a notice indicating that it had re-served Howard with the notice of removal and motion to dismiss at his new address.  ECF Doc. 6.

On July 20, 2022, the court held a telephone status conference, at which it discussed the nature of Howard's claims and the pending motion to dismiss.  Docket Entry dated July 20, 2022.  In the course of those discussions, the SSA stated that: (i) it received a notice in November 2021 to stop withholding child support from Howard's benefits; (ii) the notice had been processed; (iii) the SSA had stopped withholding child support as of the week before the conference; and (iv) the SSA was in the process of evaluating the amount that would be reimbursed to Howard for the period of withholding from November 2021 onwards.  Howard also stated that he had not yet received a copy of the SSA's motion to dismiss.  The court granted Howard until August 31, 2022 to file a response to the motion to dismiss and held his motion for appointment of counsel in abeyance in the meantime.  ECF Doc. 7.

On July 28, 2022, Howard filed a "motion for relief," in which he requested an order directing the SSA to "immediate payment of the claim and permit no further delays" in light of the SSA's statements at the telephone status conference.  ECF Doc. 8.  On August 12, 2022, the SSA filed a response to Howard's motion.  ECF Doc. 10.

On August 18, 2022, Howard filed his response to the SSA's motion to dismiss.  ECF Doc. 11.  Howard generally asserted that: (i) he should be given leave to file a new complaint; (ii) he has exhausted his administrative remedies; (iii) the SSA was guilty of "fraudulent conduct" because the SSA withheld $337 from a lump sum of $14,000 that was sent to the "Baltimore Payment Center 7" and refused to provide him with a rewards letter.  ECF Doc. 11 at 2–3.

3

Howard attached to his response a "Request for Reconsideration" dated May 1, 2022, in which Howard requested review of "Lump sum and payment for being India's payee," upon which the SSA had yet to make a determination.  ECF Doc. 11-1 at 1.  In a supporting letter, Howard raised various unrelated grievances: (i) he received paperwork from another disability claimant; (ii) he had not received $4,000 the SSA informed him it had released in April 2021; (iii) he had not received disability payments for his minor daughter, for whom he was the designated payee; (iv) his SSA benefits statement was inaccurate; and (v) he did not owe child support.  ECF Doc. 11-1 at 3–5.

Howard attached a June 21, 2021 request for review, in which he asserted that his supplemental security income had been garnished in violation of his rights under the Fourteenth Amendment because: (i) paternity over the child had never been established; (ii) Alabama had no jurisdiction over him; and (iii) the Alabama SSA office said the order to withhold benefits came from Akron, Ohio, which was fraud.  ECF Doc. 11-1 at 6–7.  The request was transmitted to the SSA on February 14, 2022.  ECF Doc. 11-1 at 7.

Howard attached an August 1, 2021 "Request for Reconsideration" in which he requested review of "Lump sum and payment for being India's payee."  ECF Doc. 11-1 at 8, 14.  In stating his reasons for review, however, he stated that he was outside of the jurisdiction of some other body and had requested a DNA test.  Id.  The request for reconsideration did not state whether an initial determination had been made.  Id.

And Howard attached an excerpt of an SSA complaint dated August 19, 2020, in which he asserted that the SSA's Akron office should have nothing to do with his "SSI kids case" and had committed a "hate crime" against him to stop him and his daughter from moving to a better place.  ECF Doc. 11-1 at 10–11.

4

On August 18, 2022, Howard filed a motion for confirmation that the SSA had received notice of his motion for immediate payment of benefits.  ECF Doc. 12.  On August 22, 2022, Howard filed a motion for change of venue, requesting that his case be transferred "to a higher Court."  ECF Doc. 13.

And on August 29, 2022, Howard filed a statement of his claim, which I construe as a request for leave to file an amended complaint.  ECF Doc. 15.  The proposed amended complaint alleges that the SSA violated Howard's constitutional rights, engaged in a pattern of corrupt activity, violated "interstate law," and discriminated against Howard when the SSA: (i) provided social security information, case updates, and funds "to the mother of Plaintiff's alleged child, as no DNA test is on file for the child;" (ii) withheld $9,000 from Howard to interfere with Howard's ability to attend a court proceeding in Alabama; and (iii) discriminated against Howard on the basis of gender and ethnicity when the SSA automatically denied his claims and an SSA representative physically threatened Howard and lodged racial slurs at him on August 19, 2022.  ECF Doc. 15 at 1-2.  As relief, Howard requests that the SSA offices in Montgomery and Akron have no access to his social security benefits and that he be compensated $5,800.

## II.    Motion for Appointment of Counsel

Howard moves to have the court appoint him an attorney pursuant to 28 U.S.C. § 1915(e)(1).  ECF Doc. 5; ECF Doc. 11 at 3 (renewed request).  But appointment of counsel through § 1915(e)(1) is only available to litigants who are proceeding *in forma pauperis* (as a pauper).  28 U.S.C. § 1915(e)(1); *see, e.g.*, *Benoit v. Police Dep't of Iberia Parish*, 569 F. App'x 215, 216 (5th Cir. 2014); *Luse v. Liberty Mut. Fire Ins. Co.*, 411 F. App'x 462, 466 (3d Cir. 2011); *Cox v. Ann*, 924 F. Supp.2d 1269, 1280 (D. Kan. 2013).  Because Howard is not

proceeding as pauper under § 1915(a) and has not moved for leave to proceed as a pauper, he is not eligible for appointment of counsel under § 1915(e)(1).

Howard's motion for court-appointed counsel (ECF Doc. 5; ECF Doc. 11 at 3) is DENIED WITHOUT PREJUDICE.  Should Howard renew his request for appointed counsel, he must submit an affidavit regarding his financial need.  28 U.S.C. § 1915(a)(1).

**III.     Motion to Dismiss and Construed Motion for Leave to File an Amended Complaint**

The SSA argues that the court lacks subject matter jurisdiction over Howard's case under the doctrine of derivative jurisdiction.  ECF Doc. 3-1 at 3–4.  The SSA further argues that the court lacks subject matter jurisdiction under 42 U.S.C. § 405(g) because Howard has failed to allege that he has presented his claim to the SSA.  ECF Doc. 3-1 at 5.  The SSA alternatively argues that Howard has failed to state a claim upon which relief can be granted because: (i) he has failed to exhaust his administrative remedies; and (ii) the complaint fails to comply with the requirements of Federal Rule of Civil Procedure 8(a).  ECF Doc. 3-1 at 6–8.

Howard responds that the Akron Municipal Court did not require that he state a claim at the time of filing, such that he should be provided an opportunity to file a new complaint stating the basis for which he seeks relief.  ECF Doc. 11 at 1.  Howard argues that he has exhausted all administrative remedies "as this has been an ongoing issue … since 2021," as demonstrated by his supporting exhibits.  ECF Doc. 11 at 1–2.  Howard contends that he his requests have been denied.  ECF Doc. 11 at 2.  And he contends that the court has subject matter over the case because the SSA fraudulently refused to provide a rewards letter after awarding him $14,000 in backpay.  ECF Doc. 11 at 2–3.

6

A.    **Derivative Jurisdiction**

The derivative jurisdiction doctrine provides that "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 243 n.17 (1981).  "Despite its improvident name, the doctrine is best understood as a procedural bar to the exercise of federal judicial power rather than an essential ingredient to federal subject matter jurisdiction." *Fed. Home Loan Mortg. Corp. v. Gilbert*, 656 F. App'x 45, 53 (6th Cir. 2016) (Sutton, J., concurring) (internal quotation marks omitted).  The doctrine applies to actions removed under 28 U.S.C. § 1442.  *See* 28 U.S.C. § 1441(f); *Fed. Home Loan Mortg. Corp.*, 656 F. App'x at 52 (Sutton, J., concurring).[1]

Under the principle of "sovereign immunity," the United States (and its agencies) can only be sued when it has consented to be sued.  *See Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013).  The Social Security Act defines the extent of that consent for judicial review of the Commissioner of Social Security's decisions, which is limited to federal courts exclusively.  42 U.S.C. § 405(g) (requiring suits for judicial review of decisions of the

---

[1] The Sixth Circuit has not expressed itself on whether the derivative jurisdiction doctrine applies to removals under 28 U.S.C. § 1442.  With the exception of the Eighth Circuit, every court to have addressed the issue has held that it does.  *Compare Conklin v. Kane*, 634 F. App'x 69, 73 (3d Cir. 2015), *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350–51 (5th Cir. 2014), *Bullock v. Napolitano*, 666 F.3d 281, 286 n.2 (4th Cir. 2012), *Rodas v. Seidlin*, 656 F.3d 610, 615–16 (7th Cir. 2011), *Palmer v. City Nat'l Bank*, 498 F.3d 236, 246 (4th Cir. 2007), *and James v. United States Postal Serv.*, 484 F. Supp.3d 1, 5 (D. D.C. 2020), *with North Dakota v. Fredericks*, 940 F.2d 333, 336–38 (8th Cir. 1991).  Districts courts within the Sixth Circuit follow the majority approach and apply the doctrine to § 1442 removals.  *E.g.*, *Avery v. Wooten*, No. 2:20-cv-537, 2020 U.S. Dist. LEXIS 76108, at *8 (S.D. Ohio Apr. 30, 2020); *Williams v. Berryhill*, No. 19-cv-02048/19-cv-02072, 2019 U.S. Dist. LEXIS 232020, at *6 (W.D. Tenn. June 14, 2019); *Johnson v. Conley*, No. 12-18, 2012 U.S. Dist. LEXIS 74648, at *7-8 (E.D. Ky. May 30, 2012); *Cobble v. Geithner*, No. 3:11CV-21, 2011 U.S. Dist. LEXIS 45908, at *3 (W.D. Ky. Apr. 27, 2011); *Troszack v. United States*, No. 09-CV-14107, 2010 U.S. Dist. LEXIS 50801, at *4-5 (E.D. Mich. May 6, 2010); *Pickett v. Office of Disability Adjudication & Review*, No. 3:08 CV 2553, 2009 U.S. Dist. LEXIS 49759, at *10-11 (N.D. Ohio June 15, 2009).

Commissioner to be brought in the United States district court for the judicial district in which the plaintiff resides).

Howard is procedurally barred under the doctrine of derivative jurisdiction from proceeding with this lawsuit.  Howard brought suit against the SSA in Akron Municipal Court. ECF Doc. 1-1 at 3.  The Social Security Act has not extended the SSA's waiver of sovereign immunity to the Akron Municipal Court.  *See* 42 U.S.C. § 405(g).  Thus, the Akron Municipal Court lacked jurisdiction over Howard's complaint.  The same would be true if Howard's complaint were read to have alleged a tort claim against the SSA.  42 U.S.C. § 405(h) (prohibiting suits against the United States, the Commissioner of Social Security, or any officer or employee thereof for tort claims which arise under the Social Security Act); 28 U.S.C. § 2769(a) (stating that a federal agency cannot be sued in its own name); *see Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.").  And the result would be the same if Howard's complaint were interpreted as a challenge to the SSA's withholding of Howard's disability benefits to pay child support.  42 U.S.C. § 659 (waiving sovereign immunity from state garnishment proceedings); *Collin v. Berryhill*, No. 1:16CV2508, 2017 U.S. Dist. LEXIS 78222, at *8 (N.D. Ohio May 23, 2017) (holding that § 659 did not create a private cause of action for money damages arising out of federal enforcement of garnishment orders), *aff'd sub nom. Collin v. Comm'r of Soc. Sec.*, 881 F.3d 427 (6th Cir. 2018).

The doctrine of derivative jurisdiction applies to Howard's case because it was removed pursuant to 28 U.S.C. § 1442(a).  ECF Doc. 1 at 1.  And because the Akron Municipal Court lacked subject matter jurisdiction, Howard is procedurally barred from proceeding with his case in this court.  *See Fed. Home Loan Mortg. Corp.*, 656 F. App'x at 53 (Sutton, J., concurring); *see*

*also Howard v. Comm'r of Soc. Sec.*, No. 5:20CV21239/5:20CV2224, 2020 U.S. Dist. LEXIS 245229, at *2 (N.D. Ohio Dec. 30, 2020) (dismissing on the same basis two of Howard's prior removed lawsuits against SSA in the Akron Municipal Court).

Howard argues that he should be allowed an opportunity to file a new complaint to cure any pleading deficiencies. And he has filed what appears to be a motion for leave to file an amended complaint. *See* ECF Doc. 15. But a plaintiff whose complaint is barred by the doctrine of derivative jurisdiction cannot "circumvent that bar merely by filing an amended complaint invoking federal jurisdiction." *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020). The proper course is to dismiss Howard's complaint without prejudice. *See id.*; *see also Franchise Tax. Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 n. 27 (1983); *Howard*, No. 5:20CV21239/5:20CV2224, 2020 U.S. Dist. LEXIS 245229, at *2-3; *Pickett*, No. 3:08 CV 2553, 2009 U.S. Dist. LEXIS 49759, at *5.

Thus, I recommend that the SSA's motion to dismiss (ECF Doc. 3-1) for lack of subject matter jurisdiction be GRANTED, that Howard's complaint (ECF Doc. 1-1) be DISMISSED WITHOUT PREJUDICE, and that Howard's motion for leave to file an amended complaint (ECF Doc. 15) be DENIED.

### B. Exhaustion

Even if Howard's complaint were not barred by the derivative jurisdiction doctrine, I would recommend that the complaint be dismissed without prejudice for want of exhaustion.

There are two prerequisites to bringing a claim under the Social Security Act: (i) a "jurisdictional requirement" that the claim have been presented to the SSA; and (ii) a non-jurisdictional requirement that administrative remedies have been exhausted. *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019). To fully exhaust a claim against the SSA, a plaintiff must "receive

an initial determination; request de novo reconsideration of that determination if dissatisfied; if still dissatisfied, request an evidentiary hearing and a de novo review before an ALJ; and then take an appeal to the Appeals Council." *Mate v. Comm'r of Soc. Sec.*, No. 17-3195, 2017 U.S. App. LEXIS 26302, at *4 (6th Cir. Dec. 21, 2017) (unreported).

Howard has not exhausted his administrative remedies. The basis for Howard's complaint is that $6,000 in disability benefits were wrongfully withheld to pay child support. *See* ECF Doc. 1-1 at 3, 6, 8, 10. Although Howard argues that this claim was exhausted, several of the claims described in his response to the motion to dismiss appear unrelated to the subject of the complaint he filed in Akron Municipal Court. ECF Doc. 11 at 2; *see generally* ECF Doc. 11-1. Nevertheless, his challenge to the withholding of benefits to pay child support was presented in his June 21, 2021 and May 1, 2022 requests for reconsideration/review. *See* ECF Doc. 11-1 at 5–7. Although Howard contends that his claims were denied, he has not submitted a decision from the SSA denying his claims or additional documents establishing that he went through the subsequent stages of administrative review. *See generally* ECF Doc. 11; *Mate*, No. 17-3195, 2017 U.S. App. LEXIS 26302, at *4. Indeed, the SSA has stated that the issue of benefits wrongfully withheld to pay child support is currently being reviewed. ECF Doc. 10 at 1. Thus, even if the court had jurisdiction, Howard's complaint would be due to be dismissed for want of exhaustion.

### C.    Merits

Putting aside the derivative jurisdiction doctrine and exhaustion, Howard's complaint failed to state a claim upon which relief can be granted. The heart of the Howard's complaint is that the SSA wrongfully withheld disability benefits to pay child support pursuant an Alabama child support order he contends was wrongfully issued. *See* ECF Doc. 1-1 at 3, 6, 8, 10. But the

10

United States has not waived sovereign jurisdiction "with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face[.]"  42 U.S.C. § 659(f)(1).  The allegations in Howard's complaint do not indicate what aspect of the legal process by which the Alabama child support order was issued was irregular.  *See generally* ECF Doc. 1-1; *McPherson v. SSA*, No. 1:09-0063, 2010 U.S. Dist. LEXIS 38833, at \*5-6 (M.D. Tenn. Mar. 5, 2010) (stating that claims of fraud, lack of service, or lack of personal jurisdiction do not suffice to challenge to facial validity of a garnishment order).  But that doesn't mean Howard has no remedy at law.  The proper forum in which to challenge the lawfulness of a state garnishment order is state court, even when the order implicates a federal benefit.  *See Stubli v. Principi*, 362 F. Supp.2d 949, 951 (N.D. Ohio 2005).  As for Howard's present case, it would be subject to dismissal for failure to state a claim even if the derivative jurisdiction doctrine and exhaustion were not at issue.

## IV.    Motion for Relief

Howard moves the court for "immediate action" against the SSA in light of the SSA's statement at the status conference that a stop garnishment order was received in November 2021. ECF Doc. 8.

Because Howard's motion effectively asks for an order awarding him the $6,000 he claims in his complaint was wrongfully withheld, I construe Howard's motion for relief as a motion for a preliminary injunction.  *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008); *see also Williams v. Gonzales*, 567 F. Supp.2d 148, 149 (D. D.C. 2008) ("[A] court must determine the proper characterization of a [pro se] filing by the nature of the relief sought … in order to create a better correspondence between the substance of a pro se motion's claim and the underlying legal basis." (internal citations and quotation marks omitted)).

11

"A preliminary injunction is an order, entered before a final determination of the merits, that commands a party to do or refrain from a specified act." *ACLU v. Praeger*, 815 F. Supp.2d 1204, 1207–08 (D. Kan. 2011). When deciding a motion for a preliminary injunction, courts consider four factors:

(1) whether the movant has a "strong" likelihood of success on the merits;

(2) whether the movant would otherwise suffer irreparable injury;

(3) whether issuance of a preliminary injunction would cause substantial harm to others;

(4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (paragraph breaks added). Although the factors are to be balanced with one another, "the likelihood of success on the merits often will be the determinative factor." *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689 (6th Cir. 2014) (internal quotation marks omitted).

A preliminary injunction is not warranted. If the court accepts my recommendation and dismisses Howard's complaint, his motion for a preliminary injunction will be rendered moot.

Moreover, as discussed above, Howard's complaint is procedurally barred, and his claims are unexhausted and/or meritless. Thus, he has not established a strong likelihood of success on the merits, which alone would warrant denying his motion for preliminary injunction. *Liberty Coins, LLC*, 748 F.3d at 689. There is no indication that Howard has suffered a continuing harm as a result of having to wait until the SSA determines what amount of withheld benefits he shall receive. It is in the interest of the public that the SSA be allowed to perform its administrative function without interference by this court. And Howard seeks to use a preliminary injunction to seek affirmative relief (an immediate award of benefits), as opposed to its intended purpose: to

12

preserve the relative position of the parties until a trial on the merits can be had. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Howard's desired relief is generally beyond the scope of a preliminary injunction. *Kendrick v. Erdos*, No. 1:21-cv-266, 2021 U.S. Dist. LEXIS 25587, at *4 (S.D. Ohio June 10, 2021).

I recommend that Howard's motion for relief (ECF Doc. 8) be DENIED.

## V.     Motion for Notice

Howard moves for confirmation that the SSA has been notified of his motion for relief. ECF Doc. 12.

Given that the SSA has filed a response to Howard's motion for relief (ECF Doc. 10), Howard's motion (ECF Doc. 12) is DENIED AS MOOT.

## VI.     Motion for Change of Venue

In his last motion, Howard moves to have his case transferred to a "higher Court before any additional infractions occur." ECF Doc. 13 at 2.

Howard's motion appears to seek immediate consideration by the Sixth Circuit of the merits of his claims against the SSA in lieu of a decision by the district court. But the jurisdiction of the Sixth Circuit is generally limited to final decisions of district courts and certain interlocutory orders. 28 U.S.C. §§ 1291, 1292. Because no order has issued on any of the motions filed in Howard's case, his notice of appeal is premature and has no current legal effect. *Braun v. Ultimate Jetcharters, Inc.*, No. 5:12CV1635, 2014 U.S. Dist. LEXIS 103972, at *36 (N.D. Ohio July 30, 2014) ("Sixth Circuit law provides that an improvidently filed notice of appeal may be disregarded by the district court."). Thus, I recommend that Howard's motion for change of venue (ECF Doc. 13) be CONSTRUED as a notice of appeal and that no action be taken on the motion at this time.

## VII.    Summary

I recommend that the SSA's motion to dismiss (ECF Doc. 3) be GRANTED and that

Howard's case be DISMISSED WITHOUT PREJUDICE.

I recommend that Howard's motion for leave to file an amended complaint (ECF Doc.

15) be DENIED.

I recommend that Howard's motion for an immediate award of benefits (ECF Doc. 8) be

DENIED.

I recommend that Howard's motion for change of venue (ECF Doc. 13) be

CONSTRUED as a premature notice of appeal.

Howard's motion for appointment of counsel (ECF Doc. 5) is DENIED WITHOUT

PREJUDICE.

And Howard's motion for confirmation that the SSA has received notice of his motion

for an immediate award of benefits (ECF Doc. 12) is DENIED MOOT.

Dated: September 21, 2022

Thomas M. Parker
United States Magistrate Judge

_____

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may
serve and file specific written objections to the proposed findings and recommendations of the
magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§
636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the
assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the
right to raise the issue on appeal either to the district judge or in a subsequent appeal to the

14

United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).

15