UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN HOWARD, | ) | Case No.: 5:22 CV 829 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant | ) | ORDER |

The Social Security Administration (the "SSA") denied Plaintiff Jonathan Howard's ("Plaintiff" or "Howard") recovery of $6,000 in disability benefits which he contends was garnished pursuant to an unlawful child support order by the state of Alabama. (Report and Recommendation ("R & R") at PageID #164, ECF No. 18.) Plaintiff sought judicial review of the SSA's decision on April 2, 2022, by filing a Complaint with the Akron Municipal Court. (*See* Compl. at PageID #4, ECF No. 1-1.)

The SSA removed the case to this court on May 19, 2022, pursuant to 28 U.S.C. § 1441(a), because "this action involves issues of federal law and has been brought against a federal agency." (Notice of Removal at ¶ 4, ECF No. 1.) The SSA filed a Motion to Dismiss (ECF No. 3) on May 23, 2022, contending that this case should be dismissed for lack of subject-matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and for failure to state a claim (Fed. R. Civ. P. 12(b)(6)). Plaintiff then filed a

Motion for Relief (ECF No. 8) on July 28, 2022, asserting that "nearly $3,000 was withheld due to the negligence of the [SSA]." On August 12, 2022, the SSA filed a Response (ECF No. 10), arguing Plaintiff did not "contend that he has exhausted his administrative remedies . . . [and] many of these issues have already been addressed by the [SSA] or are being addressed in the course of the administrative process." (Resp. to Mot. for Relief at PageID #1, ECF No. 10.) Additionally, Plaintiff filed a Response (ECF No. 11) to the SSA's Motion to Dismiss (ECF No. 3) on August 8, 2022, as well as a Motion for Confirmation of Electronic Filing (ECF No. 12) of its Motion For Relief (ECF No. 8) on August 12, 2022, and a Motion for Change of Venue (ECF No. 13) on August 22, 2022. Lastly, the SSA filed a Reply (ECF No. 16) in support of its Motion to Dismiss (ECF No. 3) on September 1, 2022.

This court referred the case to Magistrate Judge Thomas M. Parker (the "Magistrate Judge" or "Judge Parker") for preparation of a Report and Recommendation ("R & R"). Judge Parker submitted a R & R (ECF No. 18) on September 21, 2022, recommending that the court grant the SSA's Motion to Dismiss (ECF No. 3). The Magistrate Judge found that the ALJ was correct in concluding that this case must be dismissed for two main reasons: "lack of [derivative] jurisdiction and failure to state a claim upon which relief can be granted." (R & R at PageID #164, ECF No. 18.)

On the jurisdictional issue, Judge Parker concluded that the SSA may not be sued without its consent, and that it has not consented to being sued in Akron Municipal Court. *See Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013); *see also* 42 U.S.C. § 405(g) (requiring suits for judicial review of decisions of the Social Security Commissioner to be brought in the United States district court for the judicial district in which the plaintiff resides). Relatedly, if the state court where a suit was first filed before removal to federal court lacked appropriate

subject-matter jurisdiction, the federal court to which the suit is removed also lacks subject-matter jurisdiction over the suit. *See Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *see also, e.g.*, *W. & S. Life Ins. Co. v. Smith*, 859 F.2d 407, 409 n.4 (6th Cir. 1988); *Howard v. Comm'r of Soc. Sec.*, No. 5:20CV2139, 2020 WL 7863948, at *2 (N.D. Ohio Dec. 30, 2020); *Merritt v. Attorney General*, No. 3:14 CV 954, 2014 WL 2803484, at *1 (N.D. Ohio June 19, 2014.) Thus, Judge Parker found Howard was "procedurally barred under the doctrine of derivative jurisdiction" from proceeding with his lawsuit in this court. (R & R at PageID #171, ECF No. 18.)

Even in the absence of any jurisdictional defects, Judge Parker concluded that the case should be dismissed because "Howard has not exhausted his administrative remedies[,]" as "he has not submitted a decision from the SSA denying his claims or additional documents establishing that he went through the subsequent stages of administrative review" when his claim "is currently being reviewed" by the SSA. (*Id.* at PageID #173.)

Further, the Magistrate Judge found that Howard's case must be dismissed on the merits. Specifically, Judge Parker found that Howard failed to state a claim because "the allegations in [his] complaint do not indicate what aspect of the legal process by which the Alabama child support order was issued was irregular." (*Id.* at PageID #164.) Judge Parker therefore recommended that the case be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Thus, finding no error warranting remand, the Magistrate Judge recommended affirming the SSA's denial of Howard's recovery of $6,000 of disability benefits. (*Id.* at PageID #1177.)

The Magistrate also recommended that Howard's Motion for Appointment of Counsel (ECF No. 5) be dismissed, reasoning that "appointment of counsel through § 1915(e)(1) is only available to litigants who are proceeding *in forma pauperis,*" but Howard has not moved to proceed as a

pauper. (R & R at PageID #168–69, ECF No. 18.)

Further, having recommended dismissing Howard's case, Judge Parker recommended denying Howard's construed Motion for Leave to File an Amended Complaint (ECF No. 15) and dismissing Howard's Complaint without prejudice. (*Id.* at PageID #169–74.)

Next, Judge Parker recommended dismissing Plaintiff's Motion for Relief (ECF No. 8), construing that motion as a motion for a preliminary injunction. *See El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008); *see also Williams v. Gonzales*, 567 F. Supp.2d 148, 149 (D.D.C. 2008). Judge Parker determined a preliminary injunction was not warranted because, *inter alia*, Plaintiff's "claims are unexhausted/meritless[, thus] he has not established a strong likelihood of success on the merits" (R & R at PageID #175, ECF No. 18.)

Judge Parker also recommended denying as moot Howard's Motion for Confirmation of Electronic Filing (ECF No. 12), because the SSA filed a Response to Howard's Motion for Relief. (R & R at PageID #176, ECF No. 18; *see also* ECF No. 10.)

Lastly, Judge Parker construed Howard's Motion for Change of Venue to the Sixth Circuit (ECF No. 13) as a notice of appeal and recommended that no action be taken on it at this time (R & R at PageID #176, ECF No. 18), because the Sixth Circuit's jurisdiction "is generally limited to final decisions of district courts and certain interlocutory orders." 28 U.S.C. §§ 1291–1292.

Objections to the Magistrate Judge's R & R were due by October 5, 2022, but neither Howard nor the SSA submitted any. Accordingly, this matter is ripe for review.

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Parker's Report and Recommendation.

(ECF No. 18.) The court hereby: (1) grants the SSA's Motion to Dismiss (ECF No. 3); (2) dismisses Howard's Complaint (ECF No. 1-1) without prejudice; (3) denies Howard's Motion for Appointment of Counsel (ECF No. 5); (4) denies Howard's Motion for Leave to File an Amended Complaint (ECF No. 15); (5) denies Howard's Motion for Relief (ECF No. 8); (6) denies as moot Howard's Motion for Confirmation of Electronic Filing (ECF No. 12); and (7) construing Howard's Motion for Change of Venue (ECF No. 13) as a notice of appeal, concludes no action need be taken on it at this time.

    IT IS SO ORDERED.

                                      */s/ SOLOMON OLIVER, JR.*
                                      UNITED STATES DISTRICT JUDGE

November 10, 2022